MEMORANDUM **
California state prisoner Terrence Brownlee appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging improper denial of parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s dismissal pursuant to 28 U.S.C. § 1915A. Ramirez v. Galaza, 334 F.3d 850, 853-54 (9th Cir.2003). We affirm.
The district court properly dismissed Brownlee’s claims because defendants are immune from suit. See Swift v. California, 384 F.3d 1184, 1189 (9th Cir.2004) (holding that parole board officials are entitled to absolute quasi-judicial immunity from suits arising from decisions to grant, deny, or revoke parole); Brown v. Cal. Dep’t of Corrs., 554 F.3d 747, 750 (9th Cir.2009) (holding that prosecutors should be afforded absolute immunity for parole recommendations because parole decisions are a continuation of the sentencing process).
Brownlee’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.